UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>WILLIAM D. MYERS,<br><br>                Defendant. | 2:06-cr-00012-LRH-GWF<br><br>ORDER |

Before the court is petitioner William D. Myers' motion to withdraw (ECF No. 38) his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF Nos. 30, 33[1]). The United States has not responded.

As an initial matter, the court is unconvinced that FRCP 41 is the correct procedural mechanism for a petitioner voluntarily withdrawing a section 2255 motion. By referring to the dismissal of an *action*, it is clear that FRCP 41 contemplates a plaintiff voluntarily withdrawing his entire suit. 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2362 (3d ed.). While some courts have concluded that the rule also extends to partially withdrawing an action (e.g., voluntarily dismissing only some of the causes of actions), *see id.*, Myers has not cited any authority holding that FRCP 41 applies to voluntarily withdrawing an individual *motion*. Nonetheless, the rule's likely inapplicability to section 2255 motions does not preclude a petitioner from withdrawing his motion; parties routinely seek to withdraw various

---

[1] Pursuant to this District's Amended General Order on April 27, 2016, Myers filed an "abridged" motion to vacate in order to toll the statute of limitations under section 2255. He subsequently filed a timely full motion to vacate.

kinds of motions they file during the course of both civil and criminal litigation, and it is within the court's discretion to allow a motion's withdrawal.

The court will exercise that discretion and allow Myers to withdraw his section 2255 motion. In granting this motion to withdraw, the court makes no determination as to whether a new section 2255 motion that Myers potentially files in the future would constitute a second or successive motion and therefore require certification from the Ninth Circuit Court of Appeals before being filed in U.S. District Court. *See* 28 U.S.C. § 2255(h); *see also Thai v. United States*, 391 F.3d 491 (2d Cir. 2004) (discussing the standard other circuits have applied in determining whether a withdrawn section 2255 motion "count[s] as a first [petition] so as to render subsequent petitions 'second or successive' under AEDPA.").

IT IS THEREFORE ORDERED that petitioner William D. Myers' motion to withdraw (ECF No. 38) his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **GRANTED**.

IT IS THEREFORE ORDERED that Myers' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 33) is **WITHDRAWN**.

IT IS THEREFORE ORDERED that Myers' abridged motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 30) is **WITHDRAWN**.

IT IS SO ORDERED.

DATED this 13th day of July, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2